IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOHN D. D.,

        Plaintiff,

    v.                         Civil Action No.
                                    3:18-CV-527 (DEP)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.


_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF

OFFICE OF WILLIAM H. BRENNAN   WILLIAM H. BRENNAN, ESQ.
201 East Jefferson Street
Suite 302, Century Plaza
Syracuse, New York 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH          REBECCA H. ESTELLE, ESQ.
United States Attorney             Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g)

and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral

argument was heard in connection with those motions on December 27,

2018, during a telephone conference conducted on the record. At the

close of argument, I issued a bench decision in which, after applying the

requisite deferential review standard, I found that the Acting

Commissioner's determination resulted from the application of proper legal

principles and is supported by substantial evidence, providing further detail

regarding my reasoning and addressing the specific issues raised by the

plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench

decision, which has been transcribed, is attached to this order, and is

incorporated herein by reference, it is hereby

ORDERED, as follows:

1)      Defendant's motion for judgment on the pleadings is

---

[1]      This matter, which is before me on consent of the parties pursuant to 28
U.S.C. § 636(c), has been treated in accordance with the procedures set forth in
General Order No. 18. Under that General Order once issue has been joined, an action
such as this is considered procedurally, as if cross-motions for judgment on the
pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure.

GRANTED.

2)      The Acting Commissioner's determination that the plaintiff was
not disabled at the relevant times, and thus is not entitled to benefits under
the Social Security Act, is AFFIRMED.

3)      The clerk is respectfully directed to enter judgment, based
upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge


Dated:      December 28, 2018
            Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOHN D.,

                                    Plaintiff,

-v-                                 3:18-CV-527

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
------------------------------------------------------x

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
December 27, 2018
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(By telephone)

     LAW OFFICE OF WILLIAM H. BRENNAN
     201 East Jefferson Street
     Suite 302, Century Plaza
     Syracuse, New York 13202
     BY:  **WILLIAM H. BRENNAN, ESQ.**

For the Defendant:
(By telephone)

     SOCIAL SECURITY ADMINISTRATION
     26 Federal Plaza
     Room 3904
     New York, New York 10278
     BY:  **REBECCA H. ESTELLE, ESQ.**

*Hannah F. Cavanaugh, RPR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1          (In chambers, counsel present by telephone.  Time

2     noted:  10:53 a.m.)

3          THE COURT:  I have before me a request for judicial

4     review of an adverse determination by the Acting Commissioner

5     pursuant to 42, United States Code, Sections 405(g) and

6     1383(c)(3).

7          The background is as follows:  The plaintiff was born

8     in July of 1964.  He's currently 54 years of age.  He was

9     52 years old at the time of the hearing in this matter and 50

10    years old at the time of his alleged disability onset.  He lives

11    alone in Groton, New York.  The plaintiff has a 6th grade

12    education, has never achieved a GED.  There's a little bit of

13    conflict among the various pieces of evidence in the record.  At

14    the hearing, he testified that he had a 6th grade education.  He

15    told Dr. Clark that he completed the 8th grade.  That's at page

16    319.  He did say, however, he can read and write.

17         Plaintiff last worked in or about October of 2014.

18    Over his work life, he had a -- several landscaping positions

19    and several positions in the area of small engine repair.  He

20    worked for several employers in both New York and Pennsylvania

21    in those two areas.

22         Medically, plaintiff suffered a broken neck at C7

23    when he was in his 20s.  That's at page 359.  He did not undergo

24    surgery, but there's evidence that there was fusion of the C6

25    and C7 vertebra.  That's at 320.  He also has lumbar back

1   issues.  X-rays taken in both July of 2015 and April 2017

2   revealed moderate degenerative changes.  That's at 312 and 358

3   of the Administrative Transcript.  He has had magnetic resonance

4   imaging testing performed of his cervical spine area on two

5   occasions, in November of 2006, that's at 335 and 336, and

6   August of 2015, at 333 and 334, the latter of which revealed

7   moderate to severe diffuse cervical spondylosis as described

8   with changes most prominent at the C4-C5 level.  At that level,

9   there's moderate spinal canal narrowing and mild spinal cord

10  impingement, which has progressed slightly from the prior study.

11  There's also a relatively prominent area of myelomalacia within

12  the cervical cord at the C5 level, which has also progressed

13  from the prior study.

14          The plaintiff also suffers from what has been

15  described as a right shoulder issue or a right shoulder sprain

16  with an onset of roughly July of 2015.  That is indicated at

17  318.  He also suffers from Type 2 diabetes, which is controlled

18  by Metformin and insulin, and hypertension.

19          Prior to March of 2016, plaintiff treated with

20  Dr. Peter Clark who retired.  Since that time, he has been seen

21  at the Cayuga Medical Center by Family Nurse Practitioner

22  Jenniferleigh Clune and Dr. James Metcalf.  The plaintiff smokes

23  approximately one pack per day and has since he was 14.  That's

24  at 319 of the record.

25          Medically, he takes Hydrocodone, Flexeril, Metformin,

1   insulin, Lisinopril for his hypertension.  He has also taken

2   Oxycodone in the past, Tramadol, Cyclobenzaprine, and

3   Glimepiride.

4           In terms of procedural history, plaintiff applied for

5   Title II and Title XVI benefits on May 14, 2015, claiming

6   disability due to back pain, spinal cord issues, lost feeling in

7   his arms and diabetes.  That's at 226 and 230 of the

8   Administrative Transcript.

9           In those applications, he alleged an onset date of

10  October 2, 2014.  The hearing was conducted on March 17, 2017,

11  by Administrative Law Judge Lisa B. Martin.  ALJ Martin issued a

12  decision on August 2, 2017, finding that plaintiff was not

13  disabled at the relevant times and therefore ineligible for the

14  benefits for which he applied.  On April 9, 2018, the Social

15  Security Administration Appeals Council denied plaintiff's

16  request for a review of that determination, making it a final

17  determination of the agency.

18          In her decision, ALJ Martin applied the familiar

19  five-step sequential test for determining disability.  At step

20  one, she concluded that plaintiff had not engaged in substantial

21  gainful activity since October 2, 2014.

22          At step two, she concluded that plaintiff suffers

23  from severe impairments that more than minimally affect his

24  ability to perform work functions, including lumbar spine

25  disorder, cervical spine disorder, right shoulder disorder,

1    diabetes, and hypertension.

2           At step three, she concluded that none of the

3    conditions meet or medically equal any of the listed

4    presumptively disabling conditions set forth in the

5    Commissioner's regulations, specifically considering listings

6    1.00, 4.00, and 9.00.  After surveying the record evidence, ALJ

7    Martin concluded that plaintiff retains the residual functional

8    capacity, or RFC, for performing a full range of light work as

9    defined in the regulations with the exceptions that he is

10   limited to five hours of combined standing and walking in an

11   eight-hour day, the rest being sitting without limit.  He needs

12   a change of position opportunity as often as every 30 minutes

13   for one to two minutes.  He can do no ladders, ropes, or

14   scaffolds, climbing, and can do only occasional postural

15   motions, otherwise he can perform no overhead reaching tasks

16   with the upper extremities, cannot be exposed to any dangerous

17   work hazards (unprotected heights and exposed moving machinery),

18   and cannot be exposed to any extreme heat, humidity, or cold

19   conditions.  He is limited to frequent, but not constant,

20   reaching -- forward reaching, handling, and fingering tasks.

21   He's limited to detailed, but not complex, tasks not involving a

22   fast assembly quota pace.  Applying that RFC, the Administrative

23   Law Judge concluded that plaintiff is unable to perform his past

24   relevant work as a landscaper, small engine repair person, or a

25   janitor.

1              At step five, ALJ Martin noted that if the medical

2    vocational guidelines, or grids, were applied, Rule 202.18 would

3    direct a finding of no disability.  However, she determined that

4    because of the various nonexertional limitations experienced by

5    the plaintiff and the limitations beyond light work or below

6    light work, a vocational expert should be consulted.  Based on

7    testimony of the vocational expert, she concluded that plaintiff

8    is able to perform as an inspector and as a cashier.

9              As you know, my role is limited to determining

10   whether substantial evidence supports the determination and

11   whether it results from the application of proper legal

12   principles.  When I look at the RFC, which the third

13   hypothetical at page 105 tracked, I find that it is supported by

14   substantial evidence.  It is true that Dr. Lorensen, in focusing

15   on reaching, concluded that plaintiff is only capable of

16   occasional reaching at 363.  The RFC provides, of course, for no

17   overhead reaching and frequent forward reaching.  However, the

18   opinions that -- the medical record in its entirety, including

19   the observations of both Dr. Lorensen and Dr. Richard Weiskopf

20   and the opinions of Dr. Weiskopf support the RFC.  The opinions

21   of Dr. Lorensen do, with the exception of reaching.  And as I

22   noted, in many regards, the opinions of Family Nurse

23   Practitioner Clune and Dr. Clark also support the RFC.

24             The -- I find no error in failing to perform a

25   function-by-function analysis to the extent of saying

1 essentially plaintiff can lift no more than 20 pounds at a time

2 with frequent lifting or carrying of objects weighing up to ten

3 pounds, for example.  The Administrative Law Judge referenced

4 light work, which is well defined as -- in 20 CFR Section

5 404.1567(b), for example, and it was not improper under *Cichocki*

6 or otherwise to start with a full range of light work and then

7 to carve out exceptions.

8          In terms of the plaintiff's arguments about the

9 lifting versus reaching, I find that it doesn't take into

10 account the distinctions between the ability to lift and

11 restrictions on range of motion.  Plaintiff suffers from a right

12 shoulder sprain and clearly that has the effect of reducing

13 up -- overhead range of motion and it's not -- it's not easily

14 translatable into the ability to lift versus the ability to

15 reach.

16          In terms of the vocational expert and the DOT, the --

17 I agree that under SSR 00-4p if there is a square conflict

18 between an RFC and a DOT concerning any particular position, it

19 is the duty of the VE to explain and to reconcile the conflict.

20 This is not a situation like *Bevens v. Colvin*, for example.

21 There, the DOT provided -- for the occupation in question

22 provided that it required frequent overhead reaching.  The RFC,

23 however, limited the plaintiff to occasional reaching overhead,

24 which was a square conflict.  The same holds true of the

25 decision of our Chief Judge, Judge Suddaby, in *Carbee v.*

1   *Commissioner of Social Security.*  In that case, similarly there

2   was a square conflict.

3           Here, there is no clear conflict.  The DOT entries

4   that deal with Cashier II, that's 211.462-010, and with the

5   processing -- the second position, that's 559.687-074, inspector

6   and hand packager, both specify that they require frequent

7   reaching.  They do not, however, distinguish between overhead

8   reaching and reaching in other directions such as forward.  So

9   it's not a conflict, it's an ambiguity.

10          The vocational expert testified, based upon

11  experience and education, that those positions did not require

12  overhead reaching, that's at page 107 of the Administrative

13  Transcript, and otherwise, the reaching requirements of those

14  DOT entries are met by plaintiff's RFC in terms of allowing for

15  frequent reaching in other directions.

16          The last argument raised was that the plaintiff

17  should have been considered to be -- fall in the sedentary

18  category, in which case the grids would direct a finding of no

19  disability.  Clearly, he falls somewhere between the full range

20  of light work and sedentary work and it was certainly

21  appropriate under the relevant Social Security rulings and

22  indeed required to obtain vocational expert testimony to

23  determine at step five if there were jobs capable of being

24  performed by the plaintiff, so I find no error there.

25          In sum, I grant -- I find that the determination was

1  supported by substantial evidence and I will grant judgment on

2  the pleadings to the defendant.  Thank you both for excellent

3  presentations.  I hope you have a happy holiday season and new

4  year.

5          MR. BRENNAN:  Thank you.

6          MS. ESTELLE:  Thank you.  Happy New Year.

7          (Time noted:  11:08 a.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                 CERTIFICATE OF OFFICIAL REPORTER

3

4

5              I, HANNAH F. CAVANAUGH, RPR, Official Court

6    Reporter, in and for the United States District Court for the

7    Northern District of New York, DO HEREBY CERTIFY that pursuant

8    to Section 753, Title 28, United States Code, that the foregoing

9    is a true and correct transcript of the stenographically

10   reported proceedings held in the asbove-entitled matter and that

11   the transcript page format is in conformance with the

12   regulations of the Judicial Conference of the United States.

13

14                   Dated this 27th day of December, 2018.

15

16                   x *Hannah F. Cavanaugh*

17                   HANNAH F. CAVANAUGH, RPR

18                   Official U.S. Court Reporter

19

20

21

22

23

24

25